SCHILLINGS *v.* STATE.*

(Division B.   June 11, 1928.   Suggestion of Error Overruled
Sept. 24, 1928.)

[118 So. 137.   No. 27158.]

*Corpus Juris-Cyc References: Arrest, 5CJ, p. 417, n. 4; Criminal Law, 16CJ, p. 897, n. 93; 17CJ, p. 62, n. 94; p. 72, n. 58; p. 297, n. 20; Intoxicating Liquors, 33CJ, p. 761, n. 53; p. 787, n. 56.

*H. L. Finch,* for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

ETHRIDGE, P. J.   Obe Schillings was tried and convicted for the unlawful possession of intoxicating liquor, fined one hundred dollars and costs, and sentenced to thirty days in jail, but the jail sentence was suspended on good behavior. From said conviction and sentence, he appeals to this court.

The facts upon which Schillings was convicted were these: Joe Hill, a deputy sheriff of Jones county, Miss., on the 15th day of December, 1927, was driving along the public highway between Laurel and Ellisville, and, while passing a vacant house that had been a restaurant and filling station, he detected the odor of whisky, and got out of his car to make an investigation. He discovered

appellant, with others, inside the building. Appellant, at the time he (the deputy sheriff) entered the house, had in his hand a bottle containing liquor, but, as the deputy sheriff approached him, he broke the bottle over an old stove which had been left in the abandoned restaurant. The deputy sheriff testified that there was liquor in said bottle so broken.

Appellant denied that there was liquor in the bottle, and denied that he had the unlawful possession, owner-ship, or control of any liquor and claimed that the bottle which the deputy sheriff found in his possession was an empty bottle that had been left in the old abandoned res-taurant. Another witness testified for the appellant to the same effect.

There was also testimony to the effect that two women were sitting in a car near the old abandoned building at the time the deputy sheriff made this inspection of the building. It does not appear that the deputy sheriff had a warrant to make an arrest, nor does it appear that the appellant, or either of the other persons with him, owned or had any right to the possession of the building.

It is urged, first, that the evidence is insufficient to sus-tain the conviction. As we understand the law, the pres-ence of whisky may be established by smell as well as by vision; and the fact that the deputy sheriff smelled liquor as he approached the building, and, deeming it his duty to investigate and ascertain, if possible, whether liquor was being possessed contrary to law, went inside the building and there saw the appellant break the bottle in which there was whisky, and smelled the whisky as it was spilled upon the floor, was sufficient to go to the jury up-on the question of whether the appellant was in posses-sion of intoxicating liquor. Having the bottle in his hand and breaking it himself is a fact which, coupled with the fact that the bottle contained whisky, when taken in con-nection with appellant's denial that there was whisky in

the bottle, is sufficient evidence for the jury to infer that appellant was the possessor of the liquor.

Appellant next assigns as error certain remarks made by the county attorney in arguing the case. It is first argued as error that the county attorney made the following remark:

"What interest could the witness Joe Hill have in the case? He was a deputy sheriff and not an undercover man, getting a part of the fine imposed for his services."

The bill of exceptions shows that the court sustained this objection, and the record does not show that a motion was made to discharge the jury and enter a mistrial. Furthermore, we do not think under the evidence it was error for the county attorney to make such comment; at least there is not enough of the argument set out to show that it was error.

It is also contended that the county attorney committed error in addressing the jury as follows:

"I did not cross-examine the defendant; I wanted to be fair; I could have cross-examined him and made it unpleasant; I didn't want to."

Objection was made to this, and overruled by the court. We fail to see any reversible error in this statement. It may be conceded that it was improper for the county attorney to give any reason for not cross-examining the defendant, and that it was improper for him to say that he could make it unpleasant for the defendant; but we do not think this is sufficient to reverse the conviction. The remarks were no doubt made because of the fact that there were women in the car, and it might have been embarrassing to the defendant to comment on that fact. It would have been safer for the prosecuting attorney to have refrained from making statements, where there were no facts to substantiate them, but it is not every such statement that would reverse a case. In this case we think there is no such harm to the appellant as would warrant us in reversing for such statements.

It was further contended that, while addressing the jury, the county attorney addressed himself to the defendant, who was sitting on a table in the courtroom, and said, "Obe, did you perjure yourself?" To these remarks the defendant tendered a bill of exceptions during the term of court, but made no objection to them at the time they were made, nor until after the jury had retired to consider their verdict. It was the duty of the appellant to object to the remarks at the time they were made, if he thought they were objectionable, and, if the objection was not sustained, then to take timely exception. The remarks set out in the bill of exceptions are insufficient to show the nature and character thereof. The county attorney had a right to comment upon the testimony of the defendant, and, unless more of the argument had been set out, we cannot determine whether it was prejudicial to the defendant or not. We have repeatedly held that, in order to take advantage of statements made in argument, objection must be made at the time such statements are made. It takes a clear showing of the abuse of the privilege of argument for the court to reverse a case, and the record before us does not present such an abuse as would warrant us in reversing the conviction.

The judgment of the court below, is therefore affirmed.

*Affirmed.*